UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Catrina W.,[1]

   Plaintiff,

v.

Martin J. O'Malley,
*Commissioner of Social Security Administration*

   Defendant.

Case No. 23-cv-2975 (JMB/DJF)

REPORT AND RECOMMENDATION

Pursuant to 42 U.S.C. § 405(g), Plaintiff Catrina W. ("Plaintiff") seeks judicial review of the Commissioner of Social Security's ("Commissioner") final decision denying her application for supplemental security income ("SSI") ("Decision"). Plaintiff asks the Court to reverse the Decision and remand this matter to the Commissioner under sentence four of 42 U.S.C. § 405(g). (ECF No. 1.) The Commissioner asks that the Decision be affirmed in its entirety. (ECF No. 16.) This matter is before the Court on the parties' briefs. For the reasons given below, the Court recommends that the Decision be affirmed.

## BACKGROUND

### I.  Plaintiff's Claim

Plaintiff applied for SSI on December 23, 2020. (*See* Soc. Sec. Admin. R. ("R.") 10).[2] At that time she was 49 years old, with two years of college education and previous work as a dispatcher and customer complaint clerk. (R. 61-63, 260, 265.) Plaintiff alleged a disability onset

---

[1] This District has adopted a policy of using only the first name and last initial of any nongovernmental parties in orders in Social Security matters.

[2] The Social Security administrative (R.) is filed at ECF No. 9. For convenience and ease of reference, the Court cites to the record's pagination rather than the Court's ECF and page numbers.

date of August 25, 2020 (R. 10), resulting from depression, anxiety, PTSD, osteoarthritis, sleep apnea, and heart problems (R. 264).

## II.    Regulatory Background

An individual is considered disabled for purposes of Social Security disability benefits if she is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). In addition, an individual is disabled "only if h[er] physical or mental impairment or impairments are of such severity that [s]he is not only unable to do h[er] previous work but cannot, considering h[er] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B). "[A] physical or mental impairment is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 1382c(a)(3)(D).

The Commissioner has established a sequential, five-step evaluation process to determine whether an individual is disabled. 20 C.F.R. § 416.920(a)(4). At step one, the claimant must establish that she is not engaged in any "substantial gainful activity." 20 C.F.R. § 416.920(a)(4)(i). The claimant must establish at step two that she has a severe, medically determinable impairment or combination of impairments. 20 C.F.R. § 416.920(a)(4)(ii). At step three, the Commissioner must find the claimant is disabled if the claimant has satisfied the first two steps and the claimant's impairment meets or is medically equal to one of the impairments listed in 20 C.F.R. Part 404, Subpart P, App'x 1 ("Listing of Impairments" or "Listing"). 20 C.F.R. § 416.920(a)(4)(iii).[3] If the

---

[3] The Listing of Impairments is a catalog of presumptively disabling impairments categorized

claimant's impairment does not meet or is not medically equal to one of the impairments in the Listing, the evaluation proceeds to step four. The claimant then bears the burden of establishing her residual functional capacity ("RFC") and proving that she cannot perform any past relevant work. 20 C.F.R. § 416.920(a)(4)(iv); *Young v. Apfel*, 221 F.3d 1065, 1069 n.5 (8th Cir. 2000). If the claimant proves she is unable to perform any past relevant work, the burden shifts to the Commissioner to establish at step five that the claimant can perform other work existing in a significant number of jobs in the national economy. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). If the claimant can perform such work, the Commissioner will find that the claimant is not disabled. 20 C.F.R. § 416.920(a)(4)(v).

### III.     Procedural History

The Commissioner denied Plaintiff's application for DIB initially (R. 146) and on reconsideration (R. 154). On October 25, 2022, at Plaintiff's request (R. 156), an Administrative Law Judge ("ALJ") held a hearing on Plaintiff's application (R. 41-102). An attorney represented Plaintiff during the hearing, and Plaintiff and a Vocational Expert ("VE") testified. (*Id.*) The ALJ issued her Decision on December 21, 2022. (R. 7-25.)

The ALJ determined at step one of the sequential analysis that Plaintiff had not engaged in any substantial gainful activity since her alleged disability onset date. (R. 13.) At step two, the ALJ found Plaintiff had the following severe impairments: morbid obesity/grade III obesity; asthma; allergies; and somatic dysfunction of the lumbar spine. (*Id.*) The ALJ also found Plaintiff had the following non-severe impairments: a history of injury to her right knee and ankle; headaches; sleep apnea; gastroesophageal reflux disease ("GERD"); idiopathic intracranial hypertension; a previous diagnosis of cervical segmental dysfunction; depression; and anxiety. (R. 13-15.) At step three, the

---

by the relevant "body system" affected. *See* 20 C.F.R. Part 404, Subpart P, App. 1.

ALJ concluded that none of Plaintiff's impairments individually or collectively met or medically equaled any impairment in the Listing. (R. 18-19.)

The ALJ then determined Plaintiff's RFC. She found that:

> [Plaintiff] has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) except with no climbing ladders/ropes/scaffolds; occasional climbing ramps/stairs; occasional stooping, kneeling, crouching, and crawling; must avoid concentrated exposure to extreme cold, heat, humidity, and pulmonary irritants such as fumes, dusts, odors, or gases.

(R. 19.)

In reaching this determination, the ALJ reviewed the record in detail, taking into consideration the medical opinions and prior administrative medical findings in the record, Plaintiff's medical testing, examination and treatment history, her employment history, and her activities of daily living. (R. 19-23.)

After determining Plaintiff's RFC, the ALJ found at step four of the sequential analysis that Plaintiff is unable to perform any past relevant work. (R. 24-25.) Relying on the VE's testimony, however, she then found at step five that, considering Plaintiff's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, including: housekeeping cleaner (DOT 323.687-014, with around 333,000 jobs in the national economy); marker (DOT 209.587-034, with around 236,000 jobs in the national economy); and router (DOT 222.587-038, with around 40,000 jobs in the national economy). (R. 25.) The ALJ noted that all these jobs are light, unskilled positions at the SVP-2 level. (*Id*.) Based on these findings, the ALJ concluded Plaintiff was not disabled. (R. 25.) The Appeals Council denied Plaintiff's request for review of the ALJ's decision (R. 1), and this lawsuit followed.

**DISCUSSION**

Plaintiff challenges the ALJ's decision on the ground that the ALJ erroneously failed to incorporate into her RFC the opinion of Plaintiff's treating medical provider, Dr. Fardows Salim, that she needs to periodically alternate between sitting and standing to relieve pain or discomfort (the "Sit/Stand Limitation"). Plaintiff contends that, in light of this omission, the ALJ's conclusion that Plaintiff can perform a significant number of jobs in the national economy is not supported by substantial evidence. (ECF No. 12 at 6, 15-16.)

**I.      Standard of Review**

The Court's review of the Commissioner's Decision is limited to determining whether the Decision is "supported by substantial evidence on the record as a whole." *McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000). "Substantial evidence … is more than a mere scintilla." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quotation omitted). It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). This "threshold … is not high." *Id.* "If, after reviewing the record, the court finds it is possible to draw two inconsistent positions from the evidence and one of those positions represents the [ALJ's] findings, the court must affirm the [ALJ's] decision." *Perks v. Astrue*, 687 F.3d 1086, 1091 (8th Cir. 2012) (quotation omitted).

Remand is warranted, however, when the ALJ's opinion contains insufficient factual findings that "considered in light of the record as a whole, are insufficient to permit [the] Court to conclude that substantial evidence supports the Commissioner's decision." *Scott ex rel. Scott v. Astrue*, 529 F.3d 818, 822 (8th Cir. 2008); *see also Chunn v. Barnhart*, 397 F.3d 667, 672 (8th Cir. 2005) (remanding because the ALJ's factual findings were insufficient for meaningful appellate review). At minimum, the ALJ must build a logical bridge between the evidence and the RFC she creates.

She does so by "includ[ing] a narrative discussion describing how the evidence supports each conclusion." Social Security Ruling ("SSR") 96-8p, 1996 WL 374184, at *7. "[T]he [ALJ] must also explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved." *Id.*; *see also Lee R. v. Kijakazi*, No. 20-cv-1989 (BRT), 2022 WL 673259, at *4 (D. Minn. Mar. 7, 2022) (finding ALJ failed to create a "logical bridge" between the evidence and his conclusions); *Weber v. Colvin*, No. 16-cv-332 (JNE/TNL), 2017 WL 477099, at *26 (D. Minn. Jan. 26, 2019) (same).

**II.    Analysis**

Plaintiff's argument focuses on the ALJ's exclusion of Dr. Salim's Sit/Stand Limitation from her RFC. (*See* ECF No. 15.) Dr. Salim is Plaintiff's primary care provider. (R. 22.) As part of the SSI claim process, Dr. Salim completed a boilerplate form, "Medical Source Statement of Ability to Do Work-Related Activities." (R. 22; 833-36.) The form consists of checkbox response options with a few areas where the respondent can provide more detailed explanations. (R. 833-36.) When asked whether sitting is affected by Plaintiff's impairment, Dr. Salim checked "No", indicating no restriction on the number of hours Plaintiff could sit in an 8-hour day. (R. 834.) But Dr. Salim checked "Yes" when asked whether Plaintiff needs to "periodically alternate sitting and standing to relieve pain or discomfort." (*Id.*) Dr. Salim supported his conclusion that this limitation was required by noting that Plaintiff: (1) "has mild to moderate arthritis in her cervical spine"; and (2) "mild arthritis in the lumbar spine." (*Id.*) Though the form points to Plaintiff's underlying diagnoses, it does not identify any other medical history, prescribed treatments, responses to treatment, or functional tests Dr. Salim might have performed to support his conclusion that Plaintiff required a Sit/Stand Limitation.

In her Decision, the ALJ noted that Dr. Salim has had an ongoing treatment relationship with

Plaintiff. (R. 23.) The ALJ further summarized Dr. Salim's responses to the checkbox form, including the Sit/Stand Limitation, and concluded that "[a]lthough he did not provide much explanation, nor did he cite to any objective medical records on this checkbox form, his opinion is consistent with light exertional work." (R. 22-23.) However, the ALJ found Dr. Salim's neck-related (i.e., cervical spine) limitations were unsupported by the objective medical evidence in the record and were not the focus of Plaintiff's complaints; therefore, the ALJ found that portion of Dr. Salim's opinion unpersuasive. (R. 23, noting that "physical examinations have not shown any objective deficits related to the cervical spine.") The ALJ concluded, "Otherwise, I have *mostly otherwise* adopted this light residual functional capacity as consistent with the overall lack of symptoms, treatment or objective findings." (*Id.*, emphasis added.)

The crux of Plaintiff's argument is that the ALJ was required to include the Sit/Stand limitation in her RFC because she found Dr. Salim's opinion to be entirely "persuasive" except for the cervical spine limitations. The Court disagrees.

First, as the Commissioner points out, the ALJ's use of the phrase "mostly otherwise" means that she plainly did not fully adopt what remained of Dr. Salim's opinion after excluding the cervical spine limitations. Had she intended to document a finding that the remainder of his opinion was entirely persuasive, she would not have used the word "mostly", which indicates that some portion was not adopted.

Second, as the boilerplate form makes clear, Dr. Salim supported his finding that the Sit/Stand Limitation was required, at least in part, based on his conclusion that Plaintiff suffers mild to moderate arthritis in her cervical spine (R. 834). The ALJ's omission of the Sit/Stand Limitation from Plaintiff's RFC is consistent with her finding that there is no objective support for any impairment of Plaintiff's cervical spine (R. 27). Therefore, even if the ALJ intended to adopt all of

Dr. Salim's opinion except any limitations derived from cervical spine-related impairments, she would not have been required to adopt the Sit/Stand Limitation, because it *was* derived in significant part from his determination that Plaintiff had a cervical spine impairment.

Moreover, because the ALJ did not adopt Dr. Salim's opinion in its entirety, she was not obligated to explain her omission of the Sit/Stand Limitation. *Cf. Mark S.E. v. Kijakazi*, No. 20-cv-1954, 2022 WL 834513, at *5 (D. Minn. Mar. 21, 2022) (vacating decision in which ALJ found medical opinion persuasive but, without explanation, omitted a limitation in the opinion from the RFC without explanation). An ALJ is not required to use talismanic language or perfectly detail how she assessed a medical opinion. *See Mario O. v. Kijakazi*, No. 21-cv-2469, 2022 WL 18157524, at *11 (D. Minn. Dec. 13, 2022), *report and recommendation adopted*, 2023 WL 136590 (D. Minn. Jan. 9, 2023); *Scott ex rel. Scott v. Astrue*, 529 F.3d 818, 822 (8th Cir. 2008) (quoting *Senne v. Apfel*, 198 F.3d 1065, 1067 (8th Cir. 1999)) ("ALJ's failure to adequately explain [her] findings is 'not a sufficient reason for setting aside an administrative finding' where the record supports the overall determination."). She only needs to create a logical bridge between the record as a whole and her conclusions such that "a reasonable mind might accept the evidence as adequate to support the Commissioner's conclusion." *Nolen v. Kijakazi*, 61 F.4th 575, 577 (8th Cir. 2023). Here, the ALJ did not evaluate the Sit/Stand Limitation with perfect clarity, but she did enough to explain the omission to create a logical bridge between the evidence and her determination of Plaintiff's RFC.

Plaintiff does not appear to challenge the ALJ's determination that a portion of Dr. Salim's opinion was unpersuasive (*see* ECF Nos. 12, 15), but to the extent that she intended to do so, the Court concludes the ALJ appropriately evaluated the persuasiveness of Dr. Salim's opinion. In assessing medical opinions, the Commissioner must not "defer or give any specific evidentiary

weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [the claimant's] medical sources." 20 C.F.R. § 404.1520c(a). Instead, the applicable regulations provide that the Commissioner will evaluate medical opinions and prior administrative medical findings based on several enumerated factors: (1) supportability; (2) consistency; (3) the medical source's relationship with the claimant; (4) the medical source's area of specialization; and (5) "other factors", including the medical source's familiarity with other evidence in the claim or understanding of Social Security Program policies, and whether new evidence came to light after the medical opinion was provided. 20 C.F.R. § 404.1530c(c). The most important factors, when determining how persuasive a medical opinion or finding is, are supportability and consistency. 20 C.F.R. § 404.1520c(b)(2); *Bowers v. Kijakazi*, 40 F.4th 872, 875 (8th Cir. 2022). An ALJ must explain how she considered and evaluated both the consistency and supportability factors but is not required to explain how she evaluated the other factors. 20 C.F.R. § 404.1520c(b)(2).

Here, in assessing Dr. Salim's opinion, the ALJ addressed both its supportability and its consistency with the record. She acknowledged that Dr. Salim had an ongoing treating relationship with Plaintiff but noted concern about the lack of support for his opinion, stating: "[Dr. Salim] did not provide much explanation, nor did he cite to any objective medical records on this checkbox form." (R. 23.) And while the ALJ found some of Dr. Salim's conclusions were consistent with the objective medical evidence elsewhere in the record (*see id.*, adopting Dr. Salim's limitation to "light" RFC as "consistent with the overall lack of symptoms, treatment or objective findings"), she rejected other conclusions as inconsistent with the record (*id.* noting that "physical examinations have not shown any objective deficits related to the cervical spine"). The ALJ thus appropriately documented her analysis of the supportability and consistency factors and articulated a valid basis

for her conclusion that Dr. Salim's opinion was not entirely persuasive. *See Nar B.G. v. O'Malley*, No. 23-cv-2076, 2024 WL 4132424, at *1-2 (D. Minn. Sept 10, 2024) (holding ALJ sufficiently assessed persuasiveness of physicians' checkbox forms by finding that the responses lacked detail and failed to identify supporting objective evidence).

For the foregoing reasons, the ALJ's omission of a Sit/Stand Limitation from Plaintiff's RFC was not erroneous, and her RFC determination is supported by substantial evidence in the record as a whole. It therefore follows that the omission of any Sit/Stand Limitation from the ALJ's hypotheticals to the VE at step five of the sequential analysis was not reversible error. *Cf. Gann v. Berryhill*, 864 F.3d 947, 952-53 (8th Cir. 2017) (holding that ALJ's step five analysis was not supported by substantial evidence because ALJ failed to pose a hypothetical to VE that included all limitations from medical opinions found to be persuasive). The Court recommends that the Decision be affirmed on these grounds.

## RECOMMENDATION

Based on the foregoing, and on all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1. Plaintiff's Request for Relief (ECF No. 12) be **DENIED**;

2. The Commissioner's Request for Relief (ECF No. 14) be **GRANTED**;

3. The Decision be **AFFRIMED**; and

4. Plaintiff's Complaint (ECF No. 1) be **DISMISSED WITH PREJUDICE**.

Dated:  October 31, 2024         *s/ Dulce J. Foster*
                                 DULCE J. FOSTER
                                 United States Magistrate Judge

## **NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).